UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| WILLIAM JACOB SMITH, # 200445, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-661 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| KURT JONES, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

　　　　　This is a civil action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is a security level III prisoner. He is serving a sentence of 13-to-20 years' imprisonment for burning a dwelling house, a life sentence for armed robbery, and a nonparolable life sentence for first-degree murder. He is currently an inmate at the Chippewa Correctional Facility (URF). His complaint concerns conditions of his confinement in 2005 at the Carson City Correctional Facility (DRF): (1) alleged exposure to second-hand smoke (ETS); and (2) a purportedly retaliatory cell search.

　　　　　The matter is now before the court on plaintiff's motion for a preliminary injunction. (docket # 53). Plaintiff is asking this court to compel state authorities to transfer him to the Kinross Correctional Facility (KCF), a lower security level prison housing level I and II prisoners, ostensibly so that prisoner David Flick at KCF can assist plaintiff in this lawsuit. (*Id.*, ¶¶ 8, 9). For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction be denied.

**Discussion**

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his [] burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The four factors this court is to consider are well established, *see Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009), and the United States Court of Appeals for the Sixth Circuit reviews decisions granting or denying motions for preliminary injunctions under an abuse of discretion standard. *Id.*

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claims against defendants. In fact, his request for injunctive relief has nothing to do with the merits of his case, but seeks a transfer so that he will be in the same facility with another prisoner. A prisoner has no constitutional right to incarceration in any particular prison, *see Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), and neither the Supreme Court nor the Sixth Circuit has ever carved out an exception to this rule for prisoners wishing to be housed closer to their writ-writers. Plaintiff has not shown irreparable injury. There is no evidence that plaintiff's ability to pursue his claims would be irreparably harmed in the absence of a transfer. The public interest would not be served by issuing a preliminary injunction which threatens the safety and security of prison guards and other prisoners. The issuance of a preliminary injunction would constitute unwarranted federal court interference with the State's operation of its prisons, especially given the serious public risk posed by convicted murderers.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction (docket # 53) be denied.


Dated: April 24, 2009          /s/  Joseph G. Scoville
                               United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).