UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. SMITH,
    Plaintiff,

No. 1:08-cv-661

-v-

HONORABLE PAUL L. MALONEY

KURT JONES, ET AL.,
    Defendants.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff William Smith, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a complaint against two MDOC employees under 42 U.S.C. § 1983. Defendants filed separate motions for summary judgment. (Dkt. Nos. 22 and 36.) Plaintiff filed a single response and affidavit. (Dkt. Nos. 62 and 63.) The magistrate judge issued a report (Dkt. No. 66) recommending the motions for summary judgment be granted and the federal claims against Defendants be dismissed. The magistrate judge further recommends the court opt not to exercise supplemental jurisdiction over the state law claims contained in the complaint. Plaintiff filed an objection. (Dkt. No. 77.) Plaintiff also filed a motion for a hearing regarding his objection. (Dkt. No. 78.)

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations.[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the

---

[1] Since Plaintiff filed his objection, this rule was amended to allow up to fourteen days to file an objection. Plaintiff requested, and was granted (Dkt. Nos. 72 and 76), several extensions of time to file his objection. The objection was timely filed within the time allowed by the second order granting Plaintiff an extension of time to file objections.

R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

ANALYSIS

Plaintiff's complaint alleges several claims. First, Plaintiff alleges Defendant Jones violated his rights under the Eighth Amendment by allowing Plaintiff to be exposed to second hand tobacco smoke. Second, Plaintiff alleges Defendant Jones retaliated against him by sending Plaintiff to another prison in violation of Plaintiff's rights under the First Amendment. Third, Plaintiff alleges Defendant Ward violated Plaintiff's rights under the First Amendment by conducting a retaliatory cell search. Finally, Plaintiff alleges Defendant Ward violated his rights under the Due Process Clause of the Fourteenth Amendment when Defendant Ward seized Plaintiff's personal property and damaged Plaintiff's typewriter.

The document filed by Plaintiff contains twelve enumerated objections. The first seven objections relate to the factual findings in the report. The court has reviewed these factual objections

*de novo*. To the extent any of the objections create issues of fact, the court finds the disputes are not material to the disposition of the claims. For example, in objection five, Plaintiff objects to the magistrate judge's statement that Plaintiff did not provide medical records to support his claims. Plaintiff argues, in Exhibit X, document 13 (Dkt. No. 7, PgID 91), he is diagnosed with (1) Raynaud's Syndrome, (2) Reflux, Esophageal, (3) Hypertension, and (4) Uncomplicated Type 1 diabetes. Plaintiff's description of the document is accurate. As explained below, this document does not establish that the maladies suffered were caused by second hand smoke or exacerbated by second hand smoke.

    A. Mootness

The magistrate judge finds Plaintiff's claims for declaratory and injunctive relief are moot because he was transferred from the facility where the alleged incidents occurred. Plaintiff has not objected to this conclusion. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

    B. Eleventh Amendment Immunity

The magistrate judge concludes Defendants are entitled to summary judgment on Plaintiff's claims for monetary damages against Defendants in their official capacities. Plaintiff has not objected to this conclusion. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

    C. Eighth Amendment Claim

The magistrate judge concludes Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claims. Plaintiff has a number of objections that are relevant to these recommendations. Specifically, Plaintiff's tenth, eleventh and twelfth objections address the

reasoning contained in Sections III and IV of the report and recommendation.

        1. Deliberate Indifference Against Defendant Jones

The magistrate judge concludes Plaintiff cannot establish either the objective or the subjective component for any immediate or existing serious medical condition. Plaintiff has several objections relevant to this portion of the report. The court has reviewed the objections *de novo*.

Plaintiff's objections are OVERRULED. Plaintiff has not established the objective component of his claim. Plaintiff has not offered any medical evidence that he suffers from a serious medical condition made worse by exposure to second hand smoke. Neither has Plaintiff offered any medical evidence that his exposure to second hand smoke caused a serious medical condition. Furthermore, none of the documents in Exhibit X (Dkt. No. 7) establish a connection between Plaintiff's condition and exposure to second hand smoke. Plaintiff bears the burden of proof on this issue to establish a genuine issue of material fact. At best the documents submitted by Plaintiff establish his subjective complaints to medical personnel. Neither has Plaintiff established the subjective component of his claim. Defendant Jones' letter to Plaintiff, Exhibit VIII (Dkt. No. 7), establishes that the warden actively disciplined violators of the prohibition on smoking in the housing areas. Petitioner's contention that the punishment only makes the problem worse is mere conjecture. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

        2. "Future Injury" Against Defendant Jones

The magistrate judge concludes Plaintiff has not established either the objective or the subjective component for a claim for future injury from second hand smoke under *Helling v. McKinney*, 509 U.S. 25 (1993). To the extent Plaintiff mentions *Helling* in objection 12, the court finds Plaintiff's objection fails to provide the required specificity to merit a *de novo* review. The

4

magistrate judge carefully outlines the holdings in *Helling* related to each prong and then explains, in some detail, why Plaintiff has not established a claim for future injury. This portion of the report is ADOPTED as the opinion of the court.

D. Due Process Claims Against Defendant Ward

The magistrate judge concludes Plaintiff's claim should be dismissed because and adequate post-deprivation remedy exists. Plaintiff has no objection to this conclusion. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

E. Retaliation

The magistrate judge concludes Plaintiff's retaliation claims should be dismissed. Plaintiff objects. In his eighth objection, Plaintiff alleges Defendant Ward "fabricated that the items had sanded-out numbers and utensils from the chow-hall out of retaliation." In his ninth objection, Plaintiff explains it makes no sense that the Riverside Correctional Facility (RCF) would request that he be transferred in order to free bed space up for the Carson City Correctional Facility. Plaintiff asserts he lacks special trades and has a documented history of violence at RCF. This claim has been reviewed *de novo*.

Plaintiff's objections are OVERRULED. Plaintiff bears the burden of proof to produce some evidence creating a genuine issue of material fact. Assuming Plaintiff's eighth objection is true, the factual dispute does not undermine the magistrate judge's conclusion that Defendant Ward had no knowledge of the grievance filed against Defendant Jones and therefore Plaintiff cannot establish the causation element of a retaliation claim. Neither has Plaintiff undermined the magistrate judge's conclusion that the transfer from one facility to another would not deter a person of ordinary firmness from engaging in the protected conduct. Therefore, assuming Plaintiff's ninth objection is true, he

still cannot meet the second element of his retaliation claim against Defendant Jones. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

F. Qualified Immunity

The magistrate judge finds, as an alternative, that Defendants are entitled to qualified immunity. The magistrate judge concludes Plaintiff had no constitutional right to be free from the search of his cell. The magistrate judge finds Plaintiff has failed to respond to Defendant Jones' argument for qualified immunity. Plaintiff has filed no objections to this portion of the report. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

G. Supplemental Jurisdiction

The magistrate judge recommends declining to exercise supplemental jurisdiction over Plaintiff's claims arising under state law. Plaintiff has not objected to this recommendation. Accordingly, this portion of the report is ADOPTED as the opinion of the court.

CONCLUSION

For the reasons outlined in the R&R, Defendants' motions for summary judgment are GRANTED.

GOOD FAITH APPEAL

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "The statute requires that a district court must determine in writing whether a request to appeal in forma pauperis is taken in good faith." *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). The "good faith" requirement must be judged by an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "Good faith" is demonstrated when the party seeks appellate review of an issue that is "not frivolous." *Id.*

An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The former occurs when 'indisputably meritless' legal theories underlie the complaint and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28)). Under this standard, a determination of "good faith" requires "an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The court has reviewed the record for the purpose of determining whether any appeal would be in good faith. Because Plaintiff has not contested the mootness conclusion, or the conclusions regarding qualified immunity or immunity under the Eleventh Amendment, the court finds any appeal would not be taken in good faith.

ORDER

Consistent with the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 66) is **ADOPTED**, over objections, as the opinion of the court.

2. Defendants' motions for summary judgment (Dkt. No. 22 and 36) are **GRANTED.** Plaintiff's federal law claims are **DISMISSED WITH PREJUDICE**.

3. The court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims arising under state law. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE.**

4. The court finds no good faith basis for an appeal.

5. Plaintiff's motion for a hearing over objections is **DENIED.**

Date: June 29, 2010 /s/ Paul L. Maloney
                                                                                     Paul L. Maloney